IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

| | | |
|---|---|---|
| THOMAS S. GDOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-0150-DGK |
| | ) | |
| CUMMINS CENTRAL POWER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART MOTION TO STRIKE EXPERT TESTIMONY

This case arises from an arc flash accident in which the Plaintiff, Thomas S. Gdovin ("Gdovin"), was electrocuted and suffered severe burn injuries. Now before the Court is Defendant Cummins Central Power, LLC's ("Cummins") Motion to Strike Selected Testimony of Plaintiff's Experts Robert W. Miller and Truett L. Swaim, M.D. (doc. 80). For the following reasons, the motion is GRANTED IN PART.

**Background**

On December 7, 2009, Gdovin was electrocuted in an arc flash accident that occurred at the Best Western Motel and Conference Center in West Branson, Missouri. The accident was allegedly caused by a broken circuit breaker on a diesel generator. The diesel generator was one of three components used to provide electricity to the motel on a temporary basis. The other two components were an electrical transformer and a transfer switch which allowed for electricity to be directed to the motel either from the local utility company or from the diesel generator.

In July of 2009 Cummins performed planned maintenance on the generator. Gdovin contends the work was performed negligently in that a circuit breaker on the generator was not repaired or replaced by Cummins's technician. As a result, an arc flash occurred in which

Gdovin was electrocuted. The electrocution threw Gdovin several feet away and caused his skin and clothes to catch fire, resulting in burns to his head, arms, and torso.

Gdovin has retained Dr. Truett Swaim, M.D., a board certified independent medical examiner to review his medical records, perform a medical evaluation, and offer medical opinions at trial. Dr. Swaim began practicing medicine in the late 1970s as a specialist in orthopedics. Sometime after 1998, he began working full-time as an independent medical examiner. A significant component of his practice involves litigation work. Since 1998, Dr. Swaim has not provided care or treatment to patients. He has not treated Gdovin and does not plan to treat him.

Cummins contends that based on Dr. Swaim's expert report and deposition, he will testify concerning issues he is not qualified to address. Cummins moves to strike portions of his expert report and limit his trial testimony.

Gdovin has also named electrical engineer Robert Miller, PE, CFEI, to testify about the electrical components involved in the accident and the cause of the accident. Cummins argues that based on Mr. Miller's expert report and deposition, he will offer opinions beyond his expertise and that invade the province of the jury. It moves to strike portions of his expert report and limit his trial testimony.

**Standard**

The party seeking admission of expert testimony has the burden of establishing admissibility. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admissible, expert testimony must be both relevant to a material issue and reliable. *Margolies v. McCleary*, Inc., 447 F.3d 1115, 1120 (8th Cir. 2006). Under Federal Rule of Evidence 702, if specialized knowledge will assist the trier of fact to understand the evidence or to determine a

fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, so long as (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Finally, "Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Larabee v. MM&L Int'l Corp.*, 896 F.2d 1112, 1116 n.6 (8th Cir. 1990) (quotation omitted).

## Discussion

### A.     Dr. Swaim is qualified to offer the opinions expressed in his report.

Defendant contends that Dr. Swaim should not be allowed to testify to anything beyond his expertise in orthopedics. Defendant contends, for example, that because Dr. Swaim is not a psychologist, he is not qualified to testify that, "[Gdovin] has a flat affect which likely represents at least some depression and anxiety." Swaim report (doc. 80-3) at 12. Additionally, because Dr. Swaim has never treated burn victims, he is not qualified to opine about the cause of Gdovin's injuries, such as "[the accident] caused him to sustain significant burns to his face, neck, ears, head, chest, left shoulder, both arms, and both hands" which "caused him to develop scarring in the areas of burns . . . and generalized pain in the areas which were burned." *Id.* at 12-13.

The Court finds no merit to this argument. After carefully reviewing Dr. Swaim's expert report, deposition testimony, and credentials, it appears Dr. Swaim is qualified to testify as an independent medical examiner, and that his proposed testimony falls within this area of expertise. Defendant's concerns about his testimony go the weight it should be given, not its admissibility. Accordingly, this portion of Defendant's motion is denied.

3

### B.     Mr. Miller is precluded from offering certain testimony.

Defendant also moves to preclude Mr. Miller from offering conclusions numbered five through ten in his expert report on the grounds that these opinions are either legal conclusions or not beyond the understanding of the average juror, and thus not the proper subject of expert testimony.  The Court rules as follows.

#### 1.     Conclusion 5 is not admissible under Rule 702.

Conclusion five in Mr. Miller's report states that, "Cummins Power did not adequately communicate to its service technician that inspection of the transfer switch was part of the contracted full inspection.  Mr. Gdovin's expectation was that Cummins would maintain the entire system."  The Court holds that whether Cummins did or did not adequately communicate with its service technician is not a determination which requires the specialized knowledge of an electrical engineer to make.  Although Plaintiff suggests this testimony is admissible because Mr. Miller would provide an evidentiary foundation that the standard of care in the electrical profession is that Cummins should have communicated to its technician the scope of work to be completed, the Court finds this expectation—that an employer will communicate the scope of work to its employee—is sufficiently obvious that no expert testimony on this point is needed.  Accordingly, this portion of the motion is granted.

#### 2.     Conclusion 6 may be admissible.

Conclusion six states, "Cummins was negligent by not performing the work it contracted to do."  Defendant contends Mr. Miller's assertion that it was negligent is an impermissible legal conclusion, as is the assertion that it contracted to fix or replace the circuit breaker involved in the accident.  In response, Gdovin notes that at trial Mr. Miller will not be reading the opinions in his report into the record verbatim, rather, he will explaining what the standard of care is for

an electrical professional and whether Cummins met that standard by not performing the work discussed in the contract. Gdovin also notes that Rule 704 states that, "An opinion is not objectionable just because it embraces an ultimate issue."

The Court finds that conclusion 6 may or may not be admissible at trial depending on several factors. These factors include the evidentiary foundation that has (or has not) been made, the purpose for which the evidence is offered, other testimony that has been offered, and the specific issue in dispute. Thus, the Court cannot rule on this issue at the present time. This portion of the motion is denied without prejudice.

### 3. Conclusion 7 is admissible under Rule 702.

Conclusion 7 states, "The checklist used by the Cummins technician on 7/19/2009 only covered generator items." Cummins objects to Mr. Miller testifying about the checklist, arguing the checklist speaks for itself. The Court finds that although it speaks for itself, some of the jurors may not be familiar with some of the terms used on it, or know whether the items listed on the checklist are part of a diesel generator or not, thus Mr. Miller's testimony on this point may help the jury better understand the evidence. Accordingly, this testimony is admissible. This portion of the motion is denied.

### 4. Conclusion 8 is partly admissible under Rule 702.

Conclusion 8 states that, "With the generator not operating and the transfer switch in the utility position, there was an expectation that no voltage would be present at the circuit breaker." Defendants contend that Mr. Miller is opining on the expectation of others, and that this is not a proper subject of expert testimony. Plaintiff responds that Mr. Miller will testify only that there should not have been voltage in the area where the arc flash occurred, and that a non-electrical professional would have had no reason to have suspected voltage in this area.

5

This portion of the motion is granted in part. Mr. Miller will not be permitted to testify about what other people actually expected, but he may testify about whether voltage should have been expected in the vicinity where the arc flash occurred.

### 5. Conclusion 9 is not admissible under Rule 702.

Conclusion 9 asserts that, "Cummins failed to warn that it would only inspect and repair Onan brand transfer switches." Similar to conclusion 5, the Court holds that no expert testimony is needed for the jury to decide whether Cummins warned that it would only inspect and repair Onan brand transfer switches. Plaintiff is precluded from having Mr. Miller testify to this conclusion under Rule 702. This portion of the motion is granted.

Mr. Miller is, of course, not precluded from offering an opinion concerning whether any warning Cummins gave that it would inspect and repair only Onan switches is consistent with industry standards, assuming such an opinion was properly disclosed during discovery.

### 6. Conclusion 10 may be admissible.

Conclusion 10 states, "The accident would have been avoided if Cummins had performed the inspection of the transfer switch and performed maintenance in accordance with the maintenance agreement." Defendant argues this is a topic where specialized knowledge is not of sufficient value to invade the province of the jury. Gdovin argues that, as explained in Mr. Miller's deposition and expert report, Mr. Miller believes it was Cummins' failure to look at the transfer switch during the scheduled maintenance which caused the accident. Gdovin also contends this testimony is admissible under Rule 704.

The Court finds that, similar to conclusion 6, the record is insufficiently developed for the Court to rule on this issue at the present time. Accordingly, this portion of the motion is denied without prejudice.

6

## Conclusion

As discussed above, Defendant's Motion to Strike Selected Testimony of Plaintiff's Experts (doc. 80) is DENIED with respect to Dr. Swaim's testimony. With respect to Mr. Miller's expert report and testimony, the motion is GRANTED with respect to conclusions 5 and 9, GRANTED IN PART with respect to conclusion 8, DENIED WITHOUT PREJUDICE with respect to conclusions 6 and 10, and DENIED with respect to conclusion 7.

**IT IS SO ORDERED.**

Date: March 30, 2012      /s/ Greg Kays
                          GREG KAYS, JUDGE
                          UNITED STATES DISTRICT COURT