IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| THOMAS S. GDOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-0150-DGK |
| | ) | |
| CUMMINS CENTRAL POWER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS IN LIMINE

This case arises from an arc flash accident in which the Plaintiff, Thomas S. Gdovin ("Gdovin"), was electrocuted and severely burned. Now before the Court are the parties' various motions in limine, specifically Gdovin's "Omnibus Motion In Limine" (doc. 88); Defendant Cummins Central Power, LLC's ("Cummins") "Motion In Limine Regarding Plaintiff's Attempt to Broaden the Scope of Services Defendant Agreed to Provide July 17, 2009" (doc. 89); Cummins' "Motion in Limine and Suggestions in Support" (doc. 90); Cummins' "Motion In Limine and Suggestions In Support Regarding Plaintiff's Expert Jan Klosterman and Deposition Exhibit 72" (doc. 91); and Cummins' "Motion In Limine and Suggestions in Support Regarding Deposition Exhibit 26" (doc. 92). The Court now rules as follows.

**I.     Plaintiff's omnibus motion is granted in part.**

    **A.     Requests 1-6, 8-9, 11-15, 17-18 are granted.**

Plaintiff Gdovin makes an omnibus motion containing eighteen different paragraphs, each of which is its own motion in limine seeking to exclude a category of evidence or testimony, such as "[a]ny arrests or indictments that did not lead to conviction or any convictions that do not involve dishonesty or false statement" (Mot. at ¶ 1), and "[a]ny mention, reference or

innuendo that Plaintiff's burden of proof in this personal injury case for compensatory damages is anything other than a preponderance of the evidence." (Mot. at ¶ 10). Defendant Cummins has no objection to numbers 1, 3-6, 8-9, and 12-15. Accordingly, the motion is granted with respect to these subparts.

As for numbers 2, 11, and 17-18, Defendant contends that these requests are too broad for the Court to rule in advance of trial. Paragraph 2 seeks to prohibit Defendant from referring to or attempting to "introduce any document, photograph or video which was requested by Plaintiff during the discovery process, but not made available to Plaintiff in discovery." Defendant contends this motion in limine may improperly prohibit the use of impeachment evidence. While it is difficult to rule on this motion without a better understanding of the factual context, the Court notes it will not permit any party to introduce at trial any document, photograph, or video which was requested by the other party during discovery and not provided. Consequently, this portion of the motion is granted. If either party believes it has a piece of evidence that is admissible as an exception to this rule, it should immediately disclose this information to the opposing party.

Paragraph 11 seeks to prohibit any reference or disclosure of the fact that Plaintiff maintains health or liability insurance. Paragraph 17 seeks to preclude any reference to any collateral source benefits Gdovin may have received. Defendant argues that if granted as phrased, these paragraphs might preclude introduction of medical bills paid at a discount. The Court recognizes that under Missouri law Defendant may introduce evidence of medical bills paid at a discount in order to contest Plaintiff's medical damages. But the Court is confident Defendant can do this in such a way as to not inject the issue of insurance into the trial or violate the collateral source rule. Consequently, these portions of the motion are granted.

Paragraph 18 seeks to prohibit the use of any expert evidence or "testimony regarding any new foundation" for an expert that was not previously disclosed. Defendant argues this paragraph is vague and overbroad concerning "any new foundation" for expert opinion. While awkwardly phrased, the purpose of this portion of Plaintiff's motion, to preclude any expert testimony from being offered at trial that was not previously disclosed, is appropriate. Thus, the motion is granted with respect to subpart 18.

**B.    Request 7 is denied without prejudice.**

Defendant opposes the request in numbers 7, 10, and 16. Paragraph 7 seeks to preclude any evidence or reference to the fact that Plaintiff owns property, has independent sources of income such as bank accounts or investments, and any other evidence or argument related to Plaintiff's financial condition. Plaintiff contends any such evidence is irrelevant. Defendant responds that it does not intend to violate the spirit of this motion, but should not be precluded from defending any claim for financial loss given that Plaintiff's income flows at least in part from ownership of the companies that own the hotel in this case.

The Court finds that it is possible that Plaintiff's financial information might be relevant depending on the facts at issue. Given the lack of facts on the existing record, the Court cannot make a determination at the present time. This portion of Plaintiff's motion is denied without prejudice.

**C.    Request 10 is granted.**

Paragraph 10 seeks to preclude, "Any mention, reference or innuendo that Plaintiff's burden of proof . . . is anything other than a preponderance of the evidence." Defendant notes that the phrase "preponderance of the evidence" is not the language used by the Missouri

Approved Instructions ("M.A.I."), and intimates that the Court should use the language in the M.A.I.

As a federal court exercising its diversity jurisdiction, this Court looks to state law for the substantive law governing this case. *Safety Nat'l Cas. v. Austin Resolutions, Inc.*, 639 F.3d 498, 501 (8th Cir. 2011). However, this Court is not required to give the precise jury instructions set out in the M.A.I. *Bersett v. K-Mart Corp.*, 869 F.2d 1131, 1134 (8th Cir. 1989). The precise wording of the instruction describing Plaintiff's burden of proof will be determined during the instruction conference. Until that time, and consistent with the Court's rules of trial, neither party will make any mention, reference, or allusion to either party's burden of proof, or any other matter on which the Court will instruct the jury. This portion of Plaintiff's motion is granted.

**D.     Request 16 is granted.**

Finally, in paragraph 16 Plaintiff seeks to prohibit, "[a]ny evidence, opinion or testimony regarding the non-appearance of any witness—including treating doctors." Defendant generally agrees, noting that argument by negative inference is not allowed with respect to equally available witnesses. But Defendant also notes that under Missouri law there is a presumption that a party's treating physician in a personal injury action is more available to that party.

In diversity actions, questions concerning the permissible scope of the parties' closing arguments are procedural issues governed by federal law. *Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1228 (8th Cir. 1995). Under federal law, unfavorable inferences may not be drawn if the witness was available either to testify at trial or was available to sit for a deposition so that the witness' deposition testimony could be offered at trial. *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996). There is no suggestion in the record here that any witness was

4
Case 3:10-cv-00150-DGK   Document 119   Filed 04/02/12   Page 4 of 9

unavailable either to testify at trial or for a deposition, thus neither party should be permitted to argue a negative inference from the non-appearance of any witness. Request 16 is granted.

**II.   Defendant's motion regarding the scope of the service agreement is denied.**

The Court now turns to Defendant's motions in limine. Defendant's "Motion In Limine Regarding Plaintiff's Attempt to Broaden the Scope of Services Defendant Agreed to Provide July 17, 2009" (doc. 89) seeks to preclude Plaintiff from offering any evidence or making any comments regarding what his expectation, intent, or understanding was of the scope of the planned maintenance on the generator. Defendant anticipates Plaintiff will seek to testify that it was his understanding that the scope of the work included inspecting, maintaining, and servicing the transfer switch.

Defendant claims this testimony is irrelevant and inadmissible[1] because it does not relate to the contract signed by the parties. Defendant also argues Plaintiff does not have the foundational basis to testify as to what was intended by the agreement because he did not participate in its formation. Defendant asks the Court to "declare as a matter of law the meaning of the agreement between the parties" with respect to what the phrase "inspect with full service" means. (Mot. at 6-7.) Defendant interprets this provision to mean Defendant agreed to inspect the generator only, a component which the Defendant views as separate and distinguishable from the transfer switch. (Mot. at 7.)

The time for Defendant to raise this argument has long since passed. In asking the Court to declare what "inspect with full service" means, Defendant is moving for partial summary judgment on this issue. But under the Second Amended Scheduling Order (doc. 39), the deadline for either party to move for partial summary judgment on any claim or defense was

---

[1] Defendant also claims this testimony is "self-servicing." (Mot at. 1.) While this is no doubt true, the testimony a party seeks to offer on its behalf is almost always self-serving, and the Federal Rules of Evidence do not prohibit a party from offering self-serving evidence.

October 31, 2011, about five and a half months before Defendant filed the pending motion. Consequently, the motion is denied as untimely.

Even if the Court were to consider the merits of the motion, the result would be the same. The Court may declare the meaning of a contract provision only if it is not ambiguous. *See Madsen v. Audrain Health Care, Inc.*, 297 F.3d 694, 698 (8th Cir. 2002). A contract is ambiguous when the terms are susceptible of more than one reasonable meaning. *Weitz Co. v. MH Washington*, 631 F.3d 510, 524 (8th Cir. 2011). The interpretation of a contract is a jury question when the contract is ambiguous and there is a genuine factual dispute regarding the parties' intent. *Id.* In the present case, the meaning of the phrase "inspect with full service" is ambiguous because it is susceptible to each of the meanings offered by the parties, and there appears to be a genuine factual dispute concerning the parties' intent. Thus, assuming Plaintiff could have laid an appropriate evidentiary foundation to testify about the agreement, the Court would have allowed him to testify and had the jury interpret this contract provision. Consequently, even if the Court considered the merits of the motion, it would be denied.

### III. Defendant's omnibus motion in limine is granted in part.

Defendant's second motion, its "Motion in Limine and Suggestions in Support" (doc. 90) is actually an omnibus motion in limine seeking rulings on nine different issues, seven of which are uncontested by Plaintiff. These seven, numbers 3 through 9, are granted.

Plaintiff contests numbers 1 and 2. Number 1 incorporates by reference Defendant's previously filed "Motion to Strike Selected Testimony of Plaintiff's Experts Robert W. Miller and Truett L. Swaim, M.D." (doc. 80) which the Court recently granted in part. That prior ruling is unchanged.

6
Case 3:10-cv-00150-DGK   Document 119   Filed 04/02/12   Page 6 of 9

Request number 2 asks that the Court preclude any testimony or comment about Plaintiff's personal military history because it would be irrelevant, immaterial, and prejudicially appeal to the jury's sympathy and nationalism. Gdovin argues:

> the jury is entitled to consider who he is, his life experiences and his general veracity. Plaintiff does not intend to go into great detail about his military service but he certainly should not be forced to delete this portion of his background to the extent those issues naturally come up during trial.

It is difficult for the Court to see how Plaintiff's military service is relevant to the issues in this case. Accordingly, Plaintiff will not be allowed to reference his military service beyond a brief reference to his general background as part of introducing the witness. With this narrow exception, this portion of Defendant's motion is granted.

## IV. Defendant's motion regarding Plaintiff's expert Jan Klosterman and deposition exhibit 72 is granted in part.

Defendant's third motion, the "Motion in Limine and Suggestions in Support Regarding Plaintiff's Expert Jan Klosterman and Deposition Exhibit 72" (doc. 91) seeks to preclude Gdovin's life care planning expert, a nurse and certified life care planner, from using or referencing a memo she solicited from Gdovin's treating plastic surgeon, Dr. Bharat Shah, M.D., concerning the likelihood of Gdvin's needing additional treatment. Defendant contends exhibit 72 is inadmissible in that it is speculative and has no probative value. Plaintiff responds that Ms. Klosterman will discuss the information contained in exhibit 72 only to establish a foundation for the basis of her opinions, which is permissible under Federal Rule of Evidence 703.

This motion is granted in part. Exhibit 72 will be admitted only to explain the basis of Ms. Klosterman's opinion, not to assert the truth of Dr. Shah's opinions expressed therein.

**V.     Defendant's motion regarding deposition exhibit 26 is taken under advisement.**

Finally, Defendant's "Motion In Limine and Suggestions in Support Regarding Deposition Exhibit 26" (doc. 92) seeks to preclude Plaintiff from offering deposition exhibit 26, a planned maintenance checklist on a different generator used by a legally distinct entity, Cummins Power Generation, as evidence of the scope of the maintenance service Defendant Cummins Central Power, LLC, agreed to provide. Defendant argues the checklist is irrelevant and that any probative value it may have is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Defendant contends it is irrelevant because the generator referenced in exhibit 26 is an Onan model generator which has its own internal power transfer switch, whereas the generator at issue in this case does not. Defendant suggest the power transfer switch at issue in this case is a separate piece of equipment manufactured by the Square D Company.

Obviously, the resolution of this motion depends on how similar the two models are and the relationship between Defendant Cummins Central Power, LLC, and Cummins Power Generation. If the two generators are somewhat similar, then the checklist should be admitted and Defendant can argue the checklist should be given little weight. If the generators are completely dissimilar, then the checklist should not be admissible. Likewise, if Defendant Cummins Central Power, LLC, and Cummins Power Generation are significantly interrelated, that weighs in favor of admitting the checklist. If they are completely different entities, that weighs against admission. These are all fact intensive questions which the Court does not have enough information to rule on at the present time. Accordingly, the Court takes the motion under advisement.

## Conclusion

For the foregoing reasons, Plaintiff's omnibus motion (doc. 88) is GRANTED IN PART. Defendant's motion regarding the parties' agreement (doc. 89) is DENIED. Defendant's "Motion In Limine" (doc. 90) is GRANTED IN PART. Defendant's motion regarding Plaintiff's expert Jan Klosterman and deposition exhibit 72 (doc. 91) is GRANTED IN PART. Defendant's motion regarding deposition exhibit 26 is TAKEN UNDER ADVISEMENT (doc. 92).

**IT IS SO ORDERED.**

Date:  April 2, 2012   /s/ Greg Kays
                       GREG KAYS, JUDGE
                       UNITED STATES DISTRICT COURT